# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| WENDAL E. LEWIS,<br><br>      Plaintiff,<br><br>vs.<br><br>JO ANNE B. BARNHART,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br><br>      Defendant, | No. 06-CV-2046-LRR<br><br>**ORDER** |

_____

      The matter before the court is Defendant Social Security Commissioner Jo Anne B. Barnhart's ("Commissioner") Motion to Remand ("Motion") (docket no. 5).

      On June 21, 2006, Plaintiff Wendal E. Lewis filed a complaint in which he appeals the Commissioner's decision to deny him social security disability benefits. On August 2, 2006, the Commissioner filed the instant Motion. Plaintiff has not responded to the Motion and the time to respond has expired. *See* Local Rule 7.1(e) (providing that resistances to motions must be filed "within 14 days after the motion is served"); Local Rule 6.1 (providing an additional 3 days for electronic service). The Commissioner has not filed an answer to the complaint.

      In the Motion, the Commissioner seeks to remand the case to the Social Security Appeals Council. The Commissioner states that, before she filed an answer, the Social Security Administration's Appeals Council determined that the administrative record is incomplete. The audiotape of the hearing is blank. Therefore, there is no transcript or

other record of the hearing. The Commissioner seeks remand pursuant to "sentence six" of 42 U.S.C. § 405(g) for a de novo hearing and decision.

"Section 405(g), which governs judicial review of final decisions made by the Commissioner, authorizes only two types of remand orders: (1) those made pursuant to sentence four, and (2) those made pursuant to sentence six." *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000). Sentence six of § 405(g) provides:

> The court may, on motion of the Commissioner of Social Security made for *good cause* shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g) (emphasis added). Sentence six, therefore, "authorizes a remand in only two limited situations: (1) where the Commissioner requests a remand before answering the complaint of a claimant seeking reversal of an administrative ruling, or (2) where new and material evidence is adduced that was for good cause not presented during the administrative proceedings." *Buckner*, 213 F.3d at 1010. Here, the Commissioner pursues the first alternative under sentence six.

2

When it amended § 405(g), Congress discussed the "good cause" requirement:

> "[T]here are sometimes procedural difficulties which prevent the Secretary from providing the court with a transcript of administrative proceedings. Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed . . . good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the court may review. . . ."

*Evangelista v. Sec'y of Health & Human Servs.*, 826 F.2d 136, 141 (1st Cir. 1987) (quoting H.R. Rep. No. 96-944 (1980) (Conf. Rep.), *as reprinted in* 1980 U.S.C.C.A.N. 1277, 1407). For the reasons stated in the Motion, the court finds that the Commissioner has shown good cause. The Commissioner's request for remand pursuant to sentence six of § 405(g) is appropriate. *See Bingaman v. Comm'r of Soc. Sec.*, No. 05-6549, 2006 WL 1827616, *2 (6th Cir. June 29, 2006) (unpublished) (discussing the procedural background of the case which included a remand from the district court to the Commissioner for a second hearing because "the tape of the hearing . . . was blank and could not be transcribed").

For the foregoing reasons, it is hereby **ORDERED**:

(1) Commissioner Jo Anne B. Barnhart's Motion to Remand (docket no. 5) is **GRANTED**;

(2) The Commissioner is directed to conduct a de novo hearing and decision in this matter;

(3) Plaintiff Wendal E. Lewis's Complaint (docket no. 2) is **DISMISSED WITH LEAVE TO REFILE**; and

(4) The Clerk of Court is directed to close this case administratively.

**IT IS SO ORDERED.**

**DATED** this 23rd day of August, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA