# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| WENDAL E. LEWIS, <br><br> Plaintiff, <br><br> vs. <br><br> JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 06-CV-2046-LRR <br><br> **ORDER** |

The matter before the court is Defendant Social Security Commissioner Jo Anne B. Barnhart's ("Commissioner") Motion for Relief from Judgment ("Motion") (docket no. 10). In the Motion, the Commissioner seeks relief from the August 23, 2006 Order ("Prior Order") in which the court remanded the case pursuant to sentence six of 42 U.S.C. § 405(g), dismissed the Complaint and administratively closed the case. (*See* docket no. 9).

Plaintiff has not responded to the Motion and the time to respond has expired. *See* LR 7.1(e) (providing that resistances to motions must be filed "within 14 days after the motion is served"); LR 6.1 (providing an additional three days for electronic service).

The Commissioner seeks relief from the Prior Order pursuant to Federal Rule of Civil Procedure 60, but the Commissioner does not specify which part of the rule is applicable. Rule 60(b) provides that the court "may" relieve a party from a final order when the party demonstrates, for example, "mistake, inadvertence, surprise, or excusable neglect" or "any other reason justifying relief from the operation of the judgment." Fed.

R. Civ. P. 60(b)(1), (6); *see also United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 935 (8th Cir. 2006) (explaining that the district court has discretion under Rule 60(b)).

The Commissioner summarily argues that the case should not have been dismissed, because, if Plaintiff prevails on remand, Plaintiff will be "unable to ask the Court to enter final judgment and file for benefits under the Equal Access to Justice Act." (docket no. 10). In its Motion, the Commissioner cites *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991), for the proposition that the court should retain jurisdiction until the postremand proceedings are complete and the Commissioner has filed results with the court. (*Id.*).

The Equal Access to Justice Act ("EAJA") provides, in part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In *Melkonyan*, the Supreme Court discussed the timeliness of EAJA fee applications and, specifically, the moment when the EAJA filing period is triggered. *Melkonyan*, 501 U.S. at 101-02. It explained that, in cases involving remands under sentence six of § 405(g), "the filing period does not begin until after the postremand proceedings are completed, the Secretary [of Health and Human Services] returns to court, the court enters a final judgment, and the appeal period runs." *Id.* at 102.

The Prior Order grants Plaintiff leave to refile the action once the "postremand proceedings" are complete. The court can find no authority—and the parties provide none—which disallows dismissal and administrative closure in cases involving sentence six

2

remands. In *Melkonyan*, the Supreme Court stated that, in sentence six remand cases, the government "returns to court." *Id*. It did not state that the return to court necessarily be under the same case number or that the case remain open pending the government's return to court. Moreover, nothing about the Prior Order makes it impossible for Plaintiff to eventually be a "prevailing party" in a civil action or to recover benefits under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

The dismissal and administrative closure of the case in the Prior Order was appropriate. Nothing about the dismissal indicates the court's judgment on the merits of Plaintiff's claims; the case was closed for administrative purposes. The court, therefore, declines to grant the relief sought by the Commissioner. The Commissioner's Motion for Relief from Judgment (docket no. 10) is **DENIED**.

**IT IS SO ORDERED.**
**DATED** this 17th day of October, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA